UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JOHN HAROLL,**

    **Plaintiff,**

v.                                                                            Case No.:

**ACCOUNT MANAGEMENT
SYSTEMS, INC.,**

                                         **DEMAND FOR JURY TRIAL**

    **Defendant.**
_____/

## PLAINTIFF'S COMPLAINT
## WITH INJUNCTIVE RELIEF SOUGHT

**COMES NOW**, Plaintiff, **JOHN HAROLL** ("Mr. Haroll" or "Plaintiff"), by and through the undersigned counsel, and hereby sues and files this Complaint and Demand for Jury Trial with Injunctive Relief Sought against Defendant, **ACCOUNT MANAGEMENT SYSTEMS, INC.** ("Defendant"), and in support thereof states as follows:

### *Introduction*

1. This action arises out of a "Debt" or "Consumer Debt" as defined by Fla. Stat. § 559.55 (6) and Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et. seq. ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 et. seq. ("FCCPA"), in attempting to collect such Debt by placing calls to Mr. Haroll's cellular telephone, his place of employment, and by threatening Mr. Haroll with criminal action in attempts to collect an alleged debt.

### *Jurisdiction and Venue*

2. This Court has subject matter jurisdiction over the instant case under 28 U.S.C. §1331.

3. Jurisdiction of this Court also arises under 15 U.S.C. § 1692k (d) and Fla. Stat. § 559.77 (1).

4. Venue lies in this District pursuant to 28 U.S.C. § 1391 (d), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

### *Parties*

5. Plaintiff, Mr. Haroll, was and is a natural person and, at all times material hereto, is an adult, a resident of Pinellas County, Florida, and a "debtor" or "consumer" as defined by 15 U.S.C. § 1692a (3) and "debtor" or "consumer" as defined by Fla. Stat. § 559.55 (8).

6. At all times material hereto, Defendant was and is a Florida profit corporation with its principle place of business in Hudson, Florida and its registered agent, David A. Catlin, located at 10801 Hyssop Street, Port Richey, Florida 34668.

### *Statements of Fact*

7. In late April of 2017, Defendant placed a call to Mr. Haroll, demanding that Mr. Haroll pay an alleged debt.

8. During this call, Defendant threatened that if Mr. Haroll did not pay the alleged debt, there were pending criminal charges with the state attorney's office against him.

9. Confused, Mr. Haroll insisted that he did not owe a debt to Defendant.

10. Defendant persisted and continued to contact Mr. Haroll in attempts to collect the alleged debt.

11. On May 8, 2017, Defendant placed two calls to Mr. Haroll demanding that he pay the alleged debt.

12. On May 12, 2017, Defendant's employee, representative, or agent named "Rebecca Reaves" placed a call to Mr. Haroll and left a voicemail threatening a claim being filed against Mr. Haroll if he did not respond to Defendant by 3:00 p.m. that same day.

13. That same day, Defendant's employee, representative, or agent named "Rebecca Reaves" placed a call to Mr. Haroll's place of employment.

14. During the call to Mr. Haroll's place of employment, Rebecca Reaves, on behalf of Defendant, told Mr. Haroll that he had two counts of fraud charges pending against him.

15. Rebecca Reaves, on behalf of Defendant, further demanded that Mr. Haroll call telephone number 866-906-9777 and reference Case Number 63460.

16. Mr. Haroll demanded that Rebecca Reaves, on behalf of Defendant, and any of Defendant's other employees, representatives, or agents stop calling his place of employment.

17. In response to Mr. Haroll's demand, Rebecca Reaves, on behalf of Defendant, told Mr. Haroll that she will not have to call Mr. Haroll's place of employment again because she will see him in court.

18. Despite its threats, Defendant has initiated no such legal action against Mr. Haroll to date.

19. On May 24, 2017, Defendant placed a call to Mr. Haroll's cellular telephone and left a message from Defendant's employee, representative, or agent named "Compliance Officer Chris Lang" that demanded Mr. Haroll come to sign a document and informed Mr. Haroll that the call was an attempt to locate Mr. Haroll.

20. That same day, Defendant placed a call to Mr. Haroll's place of employment.

21. One of Mr. Haroll's coworkers answered Defendant's call to Mr. Haroll's place of employment.

22. Defendant informed Mr. Haroll's coworker that Mr. Haroll was scheduled to sign a document within five days and instructed Mr. Haroll's coworker to give MR. Haroll the message to call Defendant at 888-726-1017 and reference case number 63460 to reschedule or issue a stop order.

23. On May 25, 2017, Compliance Officer Chris Lang, an employee, representative, or agent of Defendant, placed yet another call to Mr. Haroll.

24. Compliance Officer Chris Lang, on behalf of Defendant, demanded that Mr. Haroll sign a document or contact Defendant.

25. Later in the conversation, Compliance Officer Chris Lang informed Mr. Haroll that he does not work for Defendant but was hired by Defendant to locate Mr. Haroll.

26. That same day, Compliance Officer Chris Lang, on behalf of Defendant, called Mr. Haroll's place of employment.

27. One of Mr. Haroll's coworkers answered Compliance Officer Chris Lang's call to Mr. Haroll's place of employment.

28. Compliance Officer Chris Lang, on behalf of Defendant, asked Mr. Haroll's coworker if Compliance Officer Chris Lang's message had been relayed to Mr. Haroll.

29. Mr. Haroll's coworker demanded that Compliance Officer Chris Lang and any of Defendant's other employees, representatives, or agents stop calling Mr. Haroll's place of employment.

30. Before hanging up, Compliance Officer Chris Lang, on behalf of Defendant, stated that Mr. Haroll still needed to sign papers. Mr. Haroll's coworker transferred the call to Mr. Haroll.

31. Mr. Haroll again demanded that Compliance Officer Chris Lang and any of Defendant's other employees, representatives, or agents stop calling Mr. Haroll's place of employment.

32. In response, Compliance Officer Chris Lang, on behalf of Defendant, told Mr. Haroll that he intended to serve Mr. Haroll.

33. Mr. Haroll asked that he not come to Mr. Haroll's place of employment.

34. Compliance Officer Chris Lang, on behalf of Defendant, threatened Mr. Haroll with coming to Mr. Haroll's residence to have him sign the document instead.

35. Defendant's threats and harassment have caused Mr. Haroll to have anxiety attacks.

36. Defendant's threats and harassment have caused Mr. Haroll's preexisting heart problems to worsen.

37. Defendant's threats and harassment have caused Mr. Haroll's preexisting nervous disorder to worsen.

38. Defendant's threats and harassment have caused Mr. Haroll to suffer headaches and require Mr. Haroll to take medication.

### *Count 1: Violation of the Florida Consumer Collection Practices Act ("FCCPA")*

39. Mr. Haroll re-alleges paragraphs 1-38 and incorporates the same herein by reference.

40. Defendant violated the FCCPA. Defendant's violations include, but are not limited to, the following:

    a. Defendant violated Fla. Stat. § 559.72 (1) by simulating that it was a representative of the state attorney's office, or affiliated with the state attorney's office in some way, by threatening Mr. Haroll with pending criminal charges with the state attorney's office against him in an attempt to collect the alleged debt;

    b. Defendant violated Fla. Stat. § 559.72 (4) by communicating with Mr. Haroll's place of employment before obtaining final judgment against Mr. Haroll when Mr. Haroll had never provided permission in writing to be contacted at his place of employment;

    c. Defendant violated Fla. Stat. § 559.72 (5) by disclosing to Mr. Haroll's coworkers information about the alleged debt, which affected Mr. Haroll's reputation, when Defendant knew or had reason to know that Mr. Haroll's coworkers did not have a legitimate business need for the information;

d. Defendant violated Fla. Stat. § 559.72 (7) by threatening Mr. Haroll with pending criminal charges with the state attorney's office against him, which can reasonably be expected to abuse or harass Mr. Haroll;

e. Defendant violated Fla. Stat. § 559.72 (7) by threatening Mr. Haroll with two charges of fraud against him, which can reasonably be expected to abuse or harass Mr. Haroll;

f. Defendant violated Fla. Stat. § 559.72 (7) by continuing to place calls to Mr. Haroll's place of employment after he demanded that Defendant cease placing calls to Mr. Haroll's place of employment, which can reasonably be expected to abuse or harass Mr. Haroll;

g. Defendant violated Fla. Stat. § 559.72 (9) by claiming, attempting, or threatening to enforce the alleged debt when Defendant knows that the debt is not legitimate; and

h. Defendant violated Fla. Stat. § 559.72 (12) by orally communicating with Mr. Haroll and threatening Mr. Haroll with pending criminal charges with the state attorney's office against him, which gave Mr. Haroll the false impression that Defendant was associated with the state attorney's office.

41. As a result of the above violations of the FCCPA, Mr. Haroll has been subjected to unwarranted and illegal collection activities and harassment for which he has been damaged.

42. Defendant's actions have caused Mr. Haroll to have anxiety attacks.

43. Defendant's actions have caused Mr. Haroll's preexisting heart problems to worsen.

44. Defendant's actions have caused Mr. Haroll's preexisting nervous disorder to worsen.

45. Defendant's actions have caused Mr. Haroll to suffer headaches and require Mr. Haroll to take medication.

46. Defendant's actions have damaged Mr. Haroll by invading his privacy.

47. Defendant's actions have damaged Mr. Haroll by causing him embarrassment.

48. Defendant's actions have damaged Mr. Haroll by causing him stress.

49. Defendant's actions have damaged Mr. Haroll by causing him aggravation.

50. Defendant's actions have damaged Mr. Haroll by harming his reputation.

51. It has been necessary for Mr. Haroll to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

52. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

      a. Awarding statutory damages as provided by §559.77, Fla. Stat.;

      b. Awarding actual damages;

      c. Awarding punitive damages;

      d. Awarding costs and attorneys' fees;

    e. Ordering an injunction preventing further wrongful contact by the Defendant; and

    f. Any other and further relief as this Court deems equitable.

### *Count 2: Violation of the Fair Debt Collection Practices Act ("FDCPA")*

53. Mr. Haroll re-alleges paragraphs 1-38 and incorporates the same herein by reference.

54. Mr. Haroll is a "consumer" within the meaning of the FDCPA.

55. The subject debt is a "consumer debt" within the meaning of the FDCPA.

56. The Defendant is a "debt collector" within the meaning of the FDCPA.

57. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

    a. Defendant violated 15 U.S.C. § 1692c (a)(1) by contacting Mr. Haroll's employer in attempt to collect the Debt even after Mr. Haroll and other employees informed Defendant that any collection contact at Mr. Haroll's place of employment was inconvenient.

    b. Defendant violated 15 U.S.C. § 1692c (a)(3) by contacting Mr. Haroll's place of employment in attempt to collect the Debt even after Mr. Haroll and other employees informed Defendant that debt collection calls could not be taken at Mr. Haroll's place of employment.

    c. Defendant violated 15 U.S.C. § 1692c (b) by contacting a third party, Mr. Haroll's employer, without Mr. Haroll's prior consent.

    d. Defendant violated 15 U.S.C. § 1692d generally by threatening Mr. Haroll with the imminence of legal action by Defendant, including unfounded charges of fraud, and continuing to call Mr. Haroll at his place of employment in attempt to collect the debt even after Mr. Haroll and other employees informed Defendant that debt collection calls could not be taken at Mr. Haroll's place of employment.

    e. Defendant violated 15 U.S.C. § 1692e (2) (A) by misrepresenting the legal status of the debt as being involved in an active lawsuit when no such lawsuit had been filed against Mr. Haroll.

    f. Defendant violated 15 U.S.C. § 1692e (4) by orally communicating with Mr. Haroll and threatening Mr. Haroll with pending criminal charges with the state attorney's office against him, which gave Mr. Haroll the false impression that Mr. Haroll's nonpayment would result in Mr. Haroll's arrest or imprisonment.

    g. Defendant violated 15 U.S.C. § 1692e (14) by misrepresenting that the Defendant was associated with the State Attorney's office.

    h. Defendant violated 15 U.S.C. § 1692c (c) by contacting Mr. Haroll after Mr. Haroll had requested the Defendant cease communication with Mr. Haroll.

58. As a result of the above violations of the FDCPA, Mr. Haroll has been subjected to illegal collection activities for which he has been damaged.

59. Defendant's actions have caused Mr. Haroll to have anxiety attacks.

60. Defendant's actions have caused Mr. Haroll's preexisting heart problems to worsen.

61. Defendant's actions have caused Mr. Haroll's preexisting nervous disorder to worsen.

62. Defendant's actions have caused Mr. Haroll to suffer headaches and require Mr. Haroll to take medication.

63. Defendant's actions have damaged Mr. Haroll by invading his privacy.

64. Defendant's actions have damaged Mr. Haroll by causing him embarrassment.

65. Defendant's actions have damaged Mr. Haroll by causing him stress.

66. Defendant's actions have damaged Mr. Haroll by causing him aggravation.

67. Defendant's actions have damaged Mr. Haroll by harming his reputation.

68. It has been necessary for Mr. Haroll to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

69. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

    a. Awarding statutory damages as provided by 15 U.S.C. 1692k(a)(2)(A);

    b. Awarding actual damages;

    c. Awarding costs and attorneys' fees; and

    d. Any other and further relief as this Court deems equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, **JOHN HAROLL**, demands a trial by jury on all issues so triable.

Respectfully submitted this **June 12, 2017**,

          */s/  Kaelyn Steinkraus*
          Kaelyn Steinkraus, Esq.
          Florida Bar No. 125132
          Michael A. Ziegler, Esq.
          Florida Bar No. 74864
          Law Office of Michael A. Ziegler, P.L.
          13575 58th Street North, Suite 129
          Clearwater, FL 33760
          (p)  (727) 538-4188
          (f)  (727) 362-4778
          kaelyn@zieglerlawoffice.com
          mike@zieglerlawoffice.com
          Attorneys and Trial Counsel for Plaintiff